AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Sonide Bozieux,<br><br>*Defendant(s)* | ) ) ) ) Case No. 23-MJ-6100-PAB ) ) ) |

FILED BY_____ D.C.

MAR 1 3 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 12, 2023__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 31, United States Code, Sections 5332 and 5316 | The defendant, Sonide Bozieux, with intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, did knowingly conceal more than ten thousand dollars ($10,000.00) in United States currency, on her person and any conveyance, article of luggage, and other container, and did transport and transfer such currency from a place outside the United States to a place within the United States, in violation of Title 31, United States Code, Section 5332(a). |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Joseph Malone, Special Agent, HSI
*Printed name and title*

Sworn to and signed before me:

Date: 3-13-2023

_____
*Judge's signature*

City and state: Fort Lauderdale, Florida

Panayotta Augustin-Birch, U.S. Magistrate Judge
*Printed name and title*

Affidavit

I, Joseph Malone, being duly sworn, depose and state as follows.

1. I am a Special Agent Homeland Security Investigations (HSI), and have been so employed since March 1, 2003. I am currently assigned to the Fort Lauderdale HSI office, to one of the Ft. Lauderdale/Hollywood International Airport response groups. My current responsibilities include the investigation of violations of various narcotics, currency, import and export of merchandise, items, or articles contrary to law or regulation of the United States.

2. The information set forth in this affidavit was derived from my own investigation and/or communicated to me by other sworn law enforcement officers. Because this affidavit is submitted for the limited purpose of securing a criminal complaint, your affiant has not included each and every fact known to me concerning this investigation. Your affiant has set forth only those facts that are necessary to establish probable cause to support a criminal complaint against Sonide BOZIEUX for intentionally evading a currency reporting requirement under Title 31, United States Code, Section 5316, by knowingly concealing more than $10,000 in currency or other monetary instruments on the person of such individual or any conveyance, article of luggage, merchandise, or other container.

3. On March 12, 2023 Sonide BOZIEUX attempted to depart the United States, via the Ft. Lauderdale-Hollywood International Airport (FLL), on board Spirit Airlines flight 951 which was destined for Port Au Prince, Haiti.

4. U.S. Customs and Border Protection Officers (CBPO) conducted an outbound customs examination and field interview of BOZIEUX on the jet bridge as she was attempting to board the plane. U.S. CBPOs explained the United States reporting requirements regarding declaring currency both inbound and outbound from the United States to BOZIEUX in the

Haitian Creole language. BOZIEUX verbally declared that she was in possession of $5,000. She then was presented a CBP CP 503 Currency reporting form in the Haitian Creole language. The subject completed the form and indicated $5,000 USD in her possession. She also indicated on the CBP CP 503 form that she was in possession of 3rd party currency. BOZIEUX was also informed orally, in the Haitian Creole language, of the U.S. currency regulations for importing and exporting currency in excess of $10,000 USD. She claimed that the 3rd party currency in her purse was given to her the night before and she was asked to take the money to Haiti for that person's family member.

5. An examination of BOZIEUX'S purse revealed 2 white envelopes. Those envelopes were subsequently found to contain U.S. cash. There was also U.S. cash found inside the purse not within the envelopes. BOZIEUX claimed that she did not know the total amount of currency that the person gave her to transport, and claimed that she was not compensated for transporting the currency. A currency count was conducted on the currency within the two (2) white envelopes and currency verification revealed $15,817 USD.

6. CBP Officers then decided to retrieve BOZIEUX'S checked baggage and escort her to a CBP examination area away from the jet bridge of the plane in order to conduct a full baggage examination and conduct an official currency count. Approximately 33 envelopes were found within the checked bag, under the lining concealed by clothing. Approximately $203,753 U.S. currency was counted from those 33 envelopes in the checked luggage, plus the 2 envelopes in her purse, and the currency in the purse not contained in envelopes.

7. Special Agent Malone and Task Force Officers responded to FLL after being contacted by CBP. Upon arrival, Special Agent Malone and two of the task force officers conducted a custodial interview of BOZIEUX. This interview was recorded. BOZIEUX was

explained her Miranda rights. She stated, verbally and in writing, that she chose to waive her Miranda rights.

8. During the interview BOZIEUX made the following statements: BOZIEUX stated that she was travelling to Haiti for 1 night to bring her 9 year old son that lives there (in Haiti) to back to the U.S. with her. She stated that the checked luggage and everything within it was given to her on that same date in the morning, and that she did not know that there was money inside. She stated that the money in her purse was given to her the evening before. When asked how much was contained in those envelopes, she stated that there was a total of $,5000; $3,000 contained in one envelope and $2,000 contained in the other. When asked if any of the money found was her own, BOZIEUX replied that approximately $560 in the purse was her own money, although it was mixed with the other money in the purse.

The events described above took place in Broward County, Florida, which is within the Southern District of Florida. Based upon the foregoing, I submit that there is probable cause to believe that BOZIEUX, did knowingly and willfully evade a currency reporting requirement under Title 31, United States Code, Section 5316 by knowingly concealing more than $10,000 in currency or other monetary instruments on the person of such individual or in any conveyance, article of luggage, merchandise, or other container.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Joseph Malone, Special Agent
Homeland Security Investigations

Subscribed to and sworn before
me this day of March 13, 2023.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE